**COLLINS LAW GROUP, LLP**
MARC A. COLLINS, ESQ. (SBN 136769)
AZIM KHANMOHAMED, ESQ. (2SBN 77717)
3435 Wilshire Blvd., Ste. 2600
Los Angeles, CA 90010-2246
PH: (323) 549-0700
FX: (323) 549-0707

**Attorneys for Defendant,**
BAJAJ SUBWAY, INC. [erroneously named as Subway # 47494-0]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN JOHN PERRI, an individual,<br><br>   Plaintiff,<br><br>V.<br><br>SUBWAY # 47494-0, a business of unknown form; ORANGE GROVE SERVICE, INC., a California Corporation; and DOES 1 – 10, inclusive,<br><br>   Defendants. | Case No. 2:18-CV-05767-KS<br><br>Hon. Karen L. Stevenson<br><br>**ANSWER OF BAJAJ SUBWAY, INC. [ERRONEOUSLY NAMED AS SUBWAY # 47494-0] TO PLAINTIFF'S COMPLAINT** |

   Defendant Bajaj Subway, Inc., a California Corporation ("Defendant"), answers the Complaint ("Complaint") of Plaintiff CARMEN JOHN PERRI ("Plaintiff"), as follows:

   1.   Defendant lacks sufficient knowledge, information and belief on which to admit or deny the allegations contained in paragraph 1 of the Complaint, and upon that basis, denies those allegations.

   2.   Defendant lacks sufficient knowledge, information and belief on which to admit or deny the allegations contained in paragraph 2 of the Complaint, and upon that basis, denies those allegations.

3.    Defendant lacks sufficient knowledge, information and belief on which to admit or deny the allegations contained in paragraph 3 of the Complaint, and upon that basis, denies those allegations.

4.    Defendant lacks sufficient knowledge, information and belief on which to admit or deny the allegations contained in paragraph 4 of the Complaint, and upon that basis, denies those allegations.

5.    Defendant admits the allegations of paragraph 5 of the Complaint.

6.    Defendant admits the allegations of paragraph 6 of the Complaint.

7.    Defendant lacks sufficient knowledge, information and belief on which to admit or deny the allegations contained in paragraph 7 of the Complaint, and upon that basis, denies those allegations.

8.    The allegations of this paragraph 8 of the Complaint allege conclusions of law to which no response is required.

9.    The allegations of this paragraph 9 of the Complaint allege conclusions of law to which no response is required.

10.   The allegations of this paragraph 10 of the Complaint allege conclusions of law to which no response is required.

11.   Defendant lacks sufficient knowledge, information and belief on which to admit or deny the allegations contained in paragraph 11 of the Complaint, and upon that basis, denies those allegations.

12.   Defendant admits the allegations of paragraph 12 of the Complaint.

13.   Defendant admits the allegations of paragraph 13 of the Complaint.

14.   In answer to the allegations contained in paragraph 14 of the Complaint, this answering Defendant denies the allegations. This answering Defendant alleges based upon information and belief that the facility is properly maintained and compliant with the Americans with Disabilities Act of 1990 ("ADA").

15.   In answer to the allegations contained in paragraph 15 of the Complaint, this answering Defendant denies the allegations. This answering Defendant alleges based upon

information and belief that the facility is properly maintained and compliant with the Americans with Disabilities Act of 1990 ("ADA").

16. In answer to the allegations contained in paragraph 16 of the Complaint, this answering Defendant denies the allegations. This answering Defendant alleges based upon information and belief that the facility is properly maintained and compliant with the Americans with Disabilities Act of 1990 ("ADA").

17. In answer to the allegations contained in paragraph 17 of the Complaint, this answering Defendant denies the allegations. This answering Defendant alleges based upon information and belief that the facility is properly maintained and compliant with the Americans with Disabilities Act of 1990 ("ADA").

18. Defendant denies the allegations of paragraph 18 of the Complaint.

19. In answer to the allegations contained in paragraph 19 of the Complaint, this answering Defendant denies the allegations. This answering Defendant alleges based upon information and belief that the facility is properly maintained and compliant with the Americans with Disabilities Act of 1990 ("ADA").

20. Defendant lacks sufficient knowledge, information and belief on which to admit or deny the allegations contained in paragraph 20 of the Complaint, and upon that basis, denies those allegations.

21. Defendant lacks sufficient knowledge, information and belief on which to admit or deny the allegations contained in paragraph 21 of the Complaint, and upon that basis, denies those allegations.

22. Defendant lacks sufficient knowledge, information and belief on which to admit or deny the allegations contained in paragraph 22 of the Complaint, and upon that basis, denies those allegations.

23. Defendant denies the allegations of paragraph 23 of the Complaint.

24. The allegations of this paragraph 24 of the Complaint allege conclusions of law to which no response is required.

1    25.    The allegations of this paragraph 25 of the Complaint allege conclusions of law to
2 which no response is required.

3    26.    Defendant denies the allegations of paragraph 26 of the Complaint.

4    27.    Defendant denies the allegations of paragraph 27 of the Complaint.

5    28.    The allegations of this paragraph 28 of the Complaint allege conclusions of law to
6 which no response is required.

7    29.    The allegations of this paragraph 29 of the Complaint allege conclusions of law to
8 which no response is required.

9    30.    The allegations of this paragraph 30 of the Complaint allege conclusions of law to
10 which no response is required.

11    31.    The allegations of this paragraph 31 of the Complaint allege conclusions of law to
12 which no response is required.

13    32.    The allegations of this paragraph 32 of the Complaint allege conclusions of law to
14 which no response is required.

15    33.    Defendant lacks sufficient knowledge, information and belief on which to admit or
16 deny the allegations contained in paragraph 33 of the Complaint, and upon that basis, denies those
17 allegations.

18    34.    The allegations of this paragraph 34 of the Complaint allege conclusions of law to
19 which no response is required.

20    35.    The allegations of this paragraph 35 of the Complaint allege conclusions of law to
21 which no response is required.

22    36.    The allegations of this paragraph 36 of the Complaint allege conclusions of law to
23 which no response is required.

24    37.    The allegations of this paragraph 37 of the Complaint allege conclusions of law to
25 which no response is required.

26 ///
27 ///
28 ///

## PRAYER

WHEREFORE, Defendant Bajaj Subway, Inc. prays that judgment be entered in its favor on all counts, and that the Court award Defendant Bajaj Subway, Inc., costs and attorneys' fees and such other relief as the Court deems proper.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1. The Complaint and each of its causes of action, individually, fails to state facts sufficient to constitute a cause of action against this answering Defendant, and it should therefore be dismissed.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. Defendant alleges that the Complaint is barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Joinder)

3. Defendant alleges that Plaintiff's claims are barred in whole or in part because Plaintiff failed to join one or more indispensable parties as required by F.R.C.P. 19.

### FOURTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

4. Plaintiff lacks standing to pursue his alleged claims.

### FIFTH AFFIRMATIVE DEFENSE
### (Plaintiff's Conduct)

5. Plaintiff's claims are barred in whole or in part because Plaintiff's conduct or the conduct of his agents has released Defendant from any claims asserted.

### SIXTH AFFIRMATIVE DEFENSE
### (Fees and Costs of Defense)

6. To the extent that Defendant prevails in this action, Defendant should be awarded its fees and costs incurred in the defense of this action.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

7. Defendant alleges that Plaintiff is not entitled to attorneys' fees.

## EIGHTH AFFIRMATIVE DEFENSE

### (Defenses under F.R.C.P.)

8. Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred cannot be determined until Defendant has an opportunity to complete discovery. Therefore, Defendant incorporates all such affirmative defenses as though set forth fully herein.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

9. Plaintiff's claims are barred in whole or in part because Plaintiff and/or his agents waived, settled and released Plaintiff's right to relief, if any.

## TENTH AFFIRMATIVE DEFENSE

### (Accord/Satisfaction)

10. Plaintiff's claims are barred in whole or in part because Plaintiff entered into an accord and satisfaction on the claims asserted.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Damages/Relief)

11. Plaintiff's claims are barred in whole or in part because Plaintiff is not entitled to damages or other relief.

///
///
///
///
///
///
///

## TWELFTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

12. Defendant alleges all other defenses that may potentially become available as a result of information developed through discovery.

Dated: August 8, 2018

**COLLINS LAW GROUP, LLP**

By: *[signature]*
Azim Khanmohamed
Marc A. Collins
Attorneys for Defendant
BAJAJ SUBWAY, INC.